IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS, INC.,

                              Plaintiff,

   v.

KDEALZ LTD. CO. and JOHN DOES 1–100,

                            Defendants.

OPINION & ORDER

17-cv-909-jdp

---

Plaintiff Standard Process, Inc., manufactures nutritional supplements and sells them exclusively through authorized resellers. It has filed suit against defendant KDealz Ltd. Co. for trademark infringement and related claims. It alleges that KDealz is selling Standard Process products online without authorization. KDealz has moved to dismiss the suit for lack of personal jurisdiction, arguing that it is a Kentucky citizen without any ties to Wisconsin. Dkt. 9. Briefing on that motion has been stayed pending the court's ruling on Standard Process's motion for leave to conduct jurisdictional discovery so that it may respond to KDealz's motion to dismiss. Dkt. 11. Because discovery is not necessary to respond to KDealz's pending motion, the court will deny Standard Process's motion for discovery.

An explanation of the judicial evaluation of personal jurisdiction provides useful background for the discussion of jurisdictional discovery. When a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, as KDealz has done, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Initially, the plaintiff "need only make out a *prima facie* case of personal jurisdiction" to avoid dismissal. *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). If

the defendant adduces affidavits or other evidence in support of its motion, as KDealz has done here, the court accepts the well-pleaded allegations in the complaint as true, unless controverted by evidence, and resolves all factual disputes in the plaintiff's favor. *Id.* "If material facts about personal jurisdiction are in dispute, the court 'must hold an evidentiary hearing to resolve them.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015) (quoting *Hyatt*, 302 F.3d at 713). At the hearing, "the plaintiff must establish jurisdiction by a preponderance of the evidence." *Purdue Research*, 338 F.3d at 782.

It is usually only once the court determines that an evidentiary hearing is necessary—that is, after the plaintiff has made a prima facie case for jurisdiction—that jurisdictional discovery is appropriate. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted.").

Here, Standard Process argues that it has made a prima facie showing of personal jurisdiction, and therefore discovery is appropriate. But a prima facie showing is all that's required at this point to respond to KDealz's motion, so if Standard Process is correct, discovery is unnecessary. The court will not determine whether Standard Process has actually made a prima facie showing at this point because KDealz's motion is not yet fully briefed. So the court will set new briefing deadlines on KDealz's motion to dismiss and deny Standard Process's motion for discovery without prejudice to its renewal, should Standard Process make a prima facie showing of personal jurisdiction.

One final point. Standard Process cites *LG Electronics, Inc. v. Quanta Computer Inc.* in support of its motion. 520 F. Supp. 2d 1061 (W.D. Wis. 2007). But in that case, Judge Crabb

denied the plaintiff's request for jurisdictional discovery because the plaintiff "fail[ed] to specify what additional discovery it seeks that would allow th[e] court to exercise personal jurisdiction over defendant." *Id.* at 1072. The same is true here: Standard Process does not explain what discovery it seeks. If Standard Process renews its motion for jurisdictional discovery, it must explain what additional discovery it seeks that would establish jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiff standard Process Inc.'s motion for leave to conduct jurisdictional discovery, Dkt. 11, is DENIED without prejudice.

2. Plaintiff's brief in opposition to defendant KDealz Ltd. Co.'s motion to dismiss for lack of jurisdiction, Dkt. 9, is due on April 6, 2018. Defendant's reply brief is due on April 16, 2018.

Entered March 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge