IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS, INC.,

                 Plaintiff,

v.

KDEALZ LTD. CO. and JOHN DOES 1–100,

                 Defendants.

OPINION & ORDER

17-cv-909-jdp

---

Plaintiff Standard Process, Inc., manufactures nutritional supplements and sells them exclusively through authorized resellers. It has filed suit against defendant KDealz Ltd. Co. for trademark infringement and related claims. It alleges that KDealz is selling Standard Process products online without authorization. KDealz has moved to dismiss the suit for lack of personal jurisdiction. Dkt. 9. Because Standard Process has made a *prima facie* showing of specific personal jurisdiction and because the exercise of jurisdiction does not offend due process, the court will deny KDealz's motion. The court will deny Standard Process's motion for leave to file a surreply, Dkt. 19, as moot.

BACKGROUND

The court draws the following facts from the parties' evidentiary submissions and the allegations in Standard Process's amended complaint. Dkt. 8.

Standard Process is a Wisconsin corporation with a principal place of business in Wisconsin. It makes nutritional supplements, which it sells "exclusively through a network of authorized resellers." *Id.* ¶ 7.

KDealz is a limited liability company owned by Robert Cady. Cady runs KDealz from his home in Kentucky. KDealz operates a "storefront" on Amazon.com called "Organic Melodies." Dkt. 15, ¶ 7. Through this storefront, KDealz sells nutritional supplements manufactured by Standard Process, even though it is not an authorized reseller. Here's how.

KDealz buys Standard Process products from third-party resellers outside of Wisconsin. It then ships the Standard Process products to Amazon fulfillment centers for storage. At least one of the fulfillment centers is located in Wisconsin. When a customer orders a Standard Process product through the Organic Melodies storefront on Amazon's website, Amazon packs and ships the product to the customer. Some of those customers live in Wisconsin, and therefore, Amazon ships some Standard Process products to Wisconsin. Amazon collects payment from KDealz's customers, subtracts its fees, and then remits the remainder to KDealz every two weeks.

On October 9, 2017, counsel for Standard Process sent KDealz a letter asking it to stop selling Standard Process products. KDealz refused. On November 16, counsel for Standard Process sent KDealz a second cease-and-desist letter. KDealz ignored it and continued to sell Standard Process products.

On December 4, Standard Process filed this suit against KDealz, accusing KDealz of trademark infringement, false advertising, unfair competition, trademark dilution, deceptive trade practices, and tortious interference with contract and business relations. The court has subject matter jurisdiction over the federal-law claims under 28 U.S.C. § 1331. It may assert supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

ANALYSIS

KDealz moves to dismiss the case for lack of personal jurisdiction. At this point in the case, Standard Process need only make a *prima facie* showing of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Thus, the court accepts Standard Process's well-pleaded factual allegations as true and considers the supporting evidence adduced by the parties, resolving any factual disputes in Standard Process's favor. *Id.*

To make a *prima facie* showing of personal jurisdiction, Standard Process must demonstrate that KDealz falls within Wisconsin's long-arm statute, Wis. Stat. § 801.05, which has been interpreted to confer "jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). If Standard Process makes this showing, the court turns to the constitutional inquiry. "Compliance with the statute presumes that due process is met," but KDealz, as the objecting defendant, has opportunity to rebut that presumption. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 22, 245 Wis. 2d 396, 629 N.W.2d 662.

A. Wisconsin's long-arm statute

Standard Process contends that this court has personal jurisdiction over defendants under section 801.05(4)(b), which allows for specific jurisdiction when a plaintiff suffers an injury within Wisconsin arising out of a defendant's out-of-state act or omission—if the defendant's "products, materials or things processed, serviced or manufactured" were consumed in Wisconsin in the ordinary course of trade. "Process" is construed broadly and includes "purchasing and selling goods in the ordinary course of trade in a distribution system."

*Kopke*, 2001 WI 99, ¶ 11 (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1124 n.5 (7th Cir. 1983)).

KDealz makes only a token effort to contest that it falls within the scope of the long-arm statute; its discussion of the long-arm statute is relegated to a footnote. *See* Dkt. 9, at 3 n.2. But it's clear that section 801.05(4)(b) allows for jurisdiction here. Standard Process alleges an injury within Wisconsin because it is a citizen of Wisconsin; when "a trademark is impaired, the injury is generally felt where the owner of the trademark is located." *Marvel Mfg. Co. v. Koba Internet Sales, LLC*, No. 11-cv-961, 2012 WL 2466772, at *4 (E.D. Wis. June 27, 2012) (citing *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd.*, 34 F.3d 410, 411 (7th Cir. 1994)). And Standard Process alleges that KDealz sold some of the products at issue—products that were "processed" by KDealz—to Wisconsin consumers. The court may reasonably infer that those products were consumed in Wisconsin. *See LG Elecs., Inc. v. Quanta Comput. Inc.*, 520 F. Supp. 2d 1061, 1069 (W.D. Wis. 2007). So Standard Process makes a *prima facie* case for jurisdiction under Wisconsin's long-arm statute.

**B. Due process requirements**

The Seventh Circuit has distilled the due process requirements for specific jurisdiction to a three-prong inquiry: "(1) the defendant must have purposely availed himself of the privilege of conducting business in the forum state or purposely directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673. On the third prong, the burden is on the defendant to make a "compelling case" that the circumstances of the case would "render jurisdiction unreasonable." *Id.* at 677.

Each of these elements is satisfied here because KDealz's actions were purposefully directed at Wisconsin. *See Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (relying on *Calder v. Jones*, 465 U.S. 783 (1984), to analyze whether intentional action was expressly aimed at the forum state "with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state"). KDealz's sales to Wisconsin customers are mostly collateral to the due process analysis. More important is the fact that KDealz continued to sell Standard Process products after Standard Process's counsel sent two letters to KDealz asking it to stop. The court may reasonably infer that upon receiving the letters, KDealz knew that Standard Process was located in Wisconsin and therefore knew that the effects of its actions would be felt in Wisconsin. Thus, KDealz purposely directed its activities at Wisconsin, and the alleged injury arose from those activities.

KDealz offers two arguments to the contrary. First, it tries to distance itself from these actions, arguing that Amazon, not KDealz, maintains the website and ships the products to consumers. But the bottom line is that KDealz is in the business of selling Standard Process products online to customers nationwide. The fact that it conducts that business through Amazon doesn't shield it from personal jurisdiction any more than shipping products via FedEx would. Second, it attempts to invoke the first sale doctrine. *See* Dkt. 18, at 8. But the first sale doctrine concerns the merits of Standard Process's copyright infringement claims; KDealz does not explain how it would affect the personal jurisdiction analysis. The court finds that KDealz purposefully directed its activities at Wisconsin.

KDealz offers two separate arguments under the third prong. First, it argues that exercising jurisdiction solely because of an "interactive website" would offend due process. Dkt. 9, at 8. But as discussed above, there is more than a website connecting KDealz to Wisconsin.

5

Wisconsin has an interest in adjudicating this dispute because of the sales to Wisconsin consumers and the alleged infringement of trademarks owned by a Wisconsin business. Second, KDealz argues that the "substantial" burden of defending a lawsuit "five hundred miles away from home" tips against exercising personal jurisdiction. *Id.* at 9. But of course, that burden is counterbalanced by Standard Process's interest in obtaining convenient and effective relief. The court concludes that exercising personal jurisdiction comports with the traditional notions of fair play and substantial justice. All the requirements of the Due Process Clause are met, so the court will deny KDealz's motion to dismiss.

ORDER

IT IS ORDERED that:

1. Defendant KDealz Ltd. Co.'s motion to dismiss, Dkt. 19, is DENIED.

2. Plaintiff Standard Process, Inc.'s motion for leave to file surreply, Dkt. 19, is DENIED as moot.

Entered June 20, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge